UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHIA YI FOO,
on behalf of herself and all other similarly
situated employees,                                                          Civil Action No.:

                Plaintiffs,

    -against-                                                              **COMPLAINT**

E CAPITAL FUNDING LLC., YA DONG LIU,
PEI JIAN CHI, AND LI HUA ZHANG,

                Defendants.
------------------------------------------------------------------X

       CHIA YI FOO ("Mrs. Foo"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Heiferman & Associates, PLLC, hereby files this Complaint against Corporate Defendant E CAPITAL FUNDING LLC ("E-Capital" or "Corporate Defendant"), Ya Dong Liu ('Liu"), Pei Jian Chi ("Chi") and Li Hua Zhang ("Zhang") ("Individual Defendants" and collectively with the Corporate Defendant, the "Defendants"), alleges and states as follows:

## <u>INTRODUCTION</u>

1.     This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Acts of 1964 Section 701, 42 U.S.C. § 2000e ("PDA"), the American with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), New York State Human Rights Law ("NYHRL"), New York City Citizens Commission on Human Rights ("CCHR"), New York Maternity Leave Laws, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL") arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the PDA, ADA, NYHRL, CCHR and NY Maternity Leave Laws by engaging in a pattern and practice of discriminating against its employees, including plaintiff, based on their pregnancy, failing to provide reasonable accommodations, failing to provide light duty or alternative assignments, failing to provide leave when reasonably requested and entitled by Plaintiff, and for terminating Plaintiff's employment based on her protected status – a pregnant woman.

3.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, compensation for all hours worked, unpaid wages, and overtime compensation for all hours worked over forty (40) hours for each workweek, and failing to provide undisrupted and adequate meal breaks.

4.     Plaintiff alleges pursuant to the PDA, ADA, NYHRL, CCHR and NY Maternity Leave Laws, that she is entitled to recover from the Defendants: (1) lost wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; (4) punitive damages and (5) attorney's fees and costs.

5.     Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid wages and overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

6.     Plaintiff further alleges on behalf of herself and a class of other similarly situated current and former employees of Defendants, pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) up to five thousand dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing

rates of pay and payday; (3) up to five thousand dollars ($5,000.00) for failure to provide paystubs that accurately and truthfully lists employees' hours along with the name, employer's name, employer's address and telephone number, employees' rate or rates of pay, any deductible made from employees' wages, any allowances claimed as part of the minimum wage, and the employees' gross and net wages for each pay day; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

7.    This Court has original federal questions jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.    This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

9.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein allege took place in this District.

## PLAINTIFF

10.    Plaintiff, CHIA YI FOO, was employed as a bookkeeper and a human resource personnel by E-Capital located at 142-30 Roosevelt Avenue #2FL, Flushing New York 11354.

## CORPORATE DEFENDANT

11.    Corporate Defendant E-Capital is a domestic-corporation duly organized and existing under the laws of the State of New York with a principal address at 142-30 Roosevelt Avenue #2FL, Flushing New York, 11354.

12.    At all times relevant herein and upon information and belief, Corporate Defendant E-Capital owns and operates a financing/mortgage business in interstate commerce that had gross sales in excess of Five Hundred Thousand Dollars ($500,000.00) per year.

13.    At all times relevant herein and upon information and belief, Corporate Defendant E-Capital provided financing/mortgage services in interstate commerce.

14.    At all times relevant herein and upon information belief, Corporate Defendant E-Capital was and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

## INDIVIDUAL DEFENDANTS

15.    Upon information and belief, Defendant, YA DONG LIU, is the Chief Executive Officer ("CEO Mr. Liu") of the Corporate Defendant.

16.    Upon information and belief, CEO Mr. Liu (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determines the rate and method of payment, and (4) maintains employees' records.

17.    For example, CEO Mr. Liu communicated with employees on a daily basis, assigned tasks to employees, reprimanded any employee who did not perform his/her duty correctly, and had the authority to affect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, or terminating or hiring such employees.

18.    Upon information and belief, Defendant CEO Mr. Liu acted intentionally and maliciously and was an employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with E-Capital.

19.    Upon information and belief, Defendant, PEI JIAN CHI, is the former CEO ("Former CEO Mr. Chi") of the Corporate Defendant.

20.    Upon information and belief, Defendant Former CEO Mr. Chi (1) had the power to hire and fire employees, (2) supervise and control employees' work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employees' records.

21.    For example, during his tenure, Defendant, Former CEO Mr. Chi, communicated with employees on a daily basis, assigned tasks to employees, reprimanded any employee who did not perform his/her duty correctly, and had the authority to affect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, or terminating or hiring such employees.

22.    Upon information and belief, Defendant Former CEO Mr. Chi acted intentionally and maliciously and was an employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and thus is jointly and severally liable with E-Capital.

23.    Upon information and belief, Defendant, LI HUA ZHANG, is the General Manager ("Manager Ms. Zhang") of the Corporate Defendant.

24.    Upon information and belief, Defendant Manager Ms. Zhang (1) had the power to hire and fire employees, (2) supervise and control employees' work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employees' records.

25.    For example, Manager Ms. Zhang communicated with employees on a daily basis, assigned tasks to employees, reprimanded any employee who did not perform his/her duty correctly, and had the authority to affect any changes to the quality and terms of

employees' employment, including changing their schedules, compensation, or terminating or hiring such employees.

26. Upon information and belief, Defendant Manager Ms. Zhang acted intentionally and maliciously and was an employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with E-Capital.

27. At all relevant times, Defendants knowingly and willfully terminated Plaintiff's employment in violation of the PDA, ADA, NYPFL and NY Maternity Leave Laws. Defendants terminated Plaintiff's employment on the solely basis of her protected class, a pregnant woman.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages, overtime compensation and failed to provide her a wage notice at the time of hiring in violation of the NYLL and the FSLA.

29. Plaintiff has fulfilled all conditions precedent to this action and/or conditions have been waived.

## STATEMENT OF FACTS

30. Plaintiff began her employment with E-Capital on May 1, 2018 and was terminated because of her pregnancy on April 3, 2019.

31. From May 1, 2018 to Dec. 31, 2018, Plaintiff was paid a salary of $3,000.00 per month ($36,000.00 annually).

32. From May 1, 2018 to August 15, 2018, Plaintiff worked on average 46 hours per week.

33. From August 16, 2018 to December 31, 2018, Plaintiff worked on average 50 hours per week.

34. From January 1, 2019 to March 23, 2019, Plaintiff worked on average 49.5 hours per week.

35. From Jan. 1, 2019 to April 3, 2019, Plaintiff was paid a salary of $3,700.00 per month ($44,000.00 annually). Plaintiff was also entitled to ten (10) days paid vacation every calendar year.

36. During her employment, Plaintiff was the only bookkeeper, who not only was responsible for maintaining the books and records for E-Capital, but she also maintained the books and records for E-Capital's sister company, E-Lending. She also worked as a one-person Human Resource Department.

37. Plaintiff was constantly required to work through her lunch time and work overtime because of her extreme workload in violation of the NYLL.

38. On March 23, 2019, Plaintiff informed her CEO, Yadong Liu ("CEO Liu"), that she was pregnant. During this conversation, Plaintiff informed CEO Liu that her physician recommended her to take a two week leave from work, because of her prior medical condition, to ensure the safety of her baby and herself. Plaintiff also made CEO Liu aware that she was handling books and records for two of E-Capital's companies (a total of five branches) and assisting E-Capital's Human Resource Department. She also complained that she had to work overtime almost everyday due to the lack of personnel, and that she believed that it was in E-Capital's best interests to hire another bookkeeper or assistant.

39. Initially, Plaintiff's manager, Ms. Zhang, granted Plaintiff's request for two weeks leave. However, on April 3, 2019, Ms. Zhang informed Plaintiff by text that her employment with E-Capital was terminated and effective immediately because the Chairman, Anthony Lee, ("Mr. Lee") was angry about Plaintiff's request for leave due to her pregnancy.

40.     Plaintiff is aware that E-Capital has terminated several other female employees because of their pregnancy in the past.

41.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff and the collective Plaintiffs.

42.     Defendants knowingly and willfully terminated Plaintiff's employment in violation of the PDA, ADA, NYPFL and NY Maternity Leave Laws on the solely basis of her protected class of pregnant women.

43.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages and overtime compensation.

44.     While employed by Defendants, Plaintiff was not exempt under Federal or State Laws requiring employers to pay employees overtime.

45.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice detailing rates of pay and payday.

46.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47.     Upon information and belief, Defendants failed to keep records in order to mitigate liability for their wage violations.

48.     Defendants willfully and intentionally committed widespread violations of the PDA, ADA, NYPFL and NY Maternity Leave Laws.

49.     Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

50.     Defendants knowingly and willfully operated their business with a policy of terminating pregnant employees in violation of the PDA, ADA, NYPFL and NY Maternity Leave Laws.

51.     Defendants knowingly and willfully operated their business with a policy of not paying
        Plaintiff and other similarly situated employees the applicable overtime wage, in
        violation of the FLSA and NYLL and the supporting federal and New York State
        Department of Labor Regulations.

52.     Plaintiff brings this action herself and as class representative on behalf of all other and
        former non-exempt employees who have been or were employed by the Defendants for
        up to the last three (3) years, through entry of judgment in this case (the "Collective
        Action Period") and whom were terminated because of their pregnancy.

53.      Plaintiff brings this action herself and as class representative on behalf of all non-exempt
        employees who have been or are employed by the Defendants for up to the last three (3)
        years, through entry of judgment in this case (the "Collective Action Period") and whom
        were not compensated at least the overtime compensation for all hours worked in excess
        of forty (40) hours per week (the "Collective Action Members").

54.     Upon information and belief, the Collective Action Members are so numerous the joinder
        of all members is impracticable. The identity and precise number of such persons are
        unknown and the facts upon which the calculations of that number may be ascertained are
        presently within the sole control of the Defendants. Upon information and belief, there
        are Collective Action Members, who have worked for or have continued to work for the
        Defendants during the Collective Action Period, most of whom would not likely file
        individual suits because of their fear of retaliation, lack of adequate financial resource,
        access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this
        case should be certified as a collective action under the FLSA 29 U.S.C. §216(b).

55.     Plaintiff will fairly and adequately protect the interest of the Collective Action Members
        and have retained counsel that is experience and competent in the field of employment

law. Plaintiff has no interest that are contrary to or in conflict with those members of this collective action.

56. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this case that would as a practical matter be dispositive of the interest of the other members not a party to the adjudication, or subsequently impair or impede their ability to protect their interest.

57. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expenses and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

58. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants terminated the Collective Action Members in violation of the PDA, ADA, NYPFL and NY Maternity Leave Laws.

   b. Whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   c. Whether the Defendants failed to pay the Collective Action Members the applicable overtime wage for the hours they worked exceeding forty hours per week;

    d.   Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL, and a notice of pay rate at each pay period;

    e.   Whether the Defendants' violations of the FLSA are willful as that terms are used within the context of the FLSA; and

    f.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

59.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

60.    Plaintiff and other similarly situated individuals have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act – Overtime Wage Brought on Behalf of the Plaintiff and the FLSA Collective]

61.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or on and one-half times the minimum wage, whichever is greater, 29 U.S.C. §207(a).

63.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

64.   Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

65.   At all relevant times, Defendants had, and continues to have a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (4) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

66.   The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

67.   Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives' labor.

68.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Members the statutory overtime rate of time of one and a half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT II

### [Violation of New York Labor Law – Overtime Pay]

69.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though folly set forth herein.

70.   Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due to the employees.

71.   Defendants' failure to pay Plaintiff and the Collective Action Members their overtime pay violated the NYLL.

72.   Defendants' failure to pay Plaintiff and the Collective Action Members was not in good faith.

## COUNT III

### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

73.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.   The NYLL and supporting regulations require employers to provide written notice of the rate of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-l (a).

75.    Defendants intentionally failed to provide notice to employees in violation of NYLL

76.    §195, which requires all employers to provide written notice in the employee's primary

language about the terms and conditions of employment related to rate of pay, regular

pay cycle and rate of overtime on his or her first day of employment.

77.    Defendants not only did not provide notice to each employee at time of hire but failed to

provide notice to each Plaintiff even after the fact.

78.    Due to Defendants' violations of NYLL, each Plaintiff is entitled to recover from

Defendants, jointly and severally, $50.00 for each workday that the violation occurrs4ed

or continued to occur, up to $5,000.00, together with costs and attorneys' fees pursuant to

NYLL §198 - l (b).

## COUNT IV

### [Civil Damages for Deceptive Acts and Practices, Violation of New York General Business Law §349 Brought on Behalf of the Plaintiff]

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

80.    New York General Business Law §349 provides that if any person willfully files a

fraudulent information return with respect to payments reported to be made to any other

person, such other person may bring a civil action for damages against the person so

filing such a return.

81.    Due to Defendants' violation of New York General Business Law §349, Plaintiffs are

entitled to recover from Defendants, jointly and severally, their actual damages or fifty

dollars ($50.00), whichever is greater, or both such actions.

14

82.  Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant E-Capital to recover wages owed as employees of the corporation.

**COUNT V**

[**Violation of the Pregnancy Discrimination Act – 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. §2000e(k) – Sex/Pregnancy Discrimination in Employment**]

83.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.  The PDA provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

85.  The PDA also defined that the terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purpose, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise.

86.  Plaintiff, as a pregnant female in the workplace, is a member of a class of citizens protected by Title VII, as amended by the PDA.

87.  Defendants were aware of Plaintiff's pregnancy.

88.    Defendants knowingly and intentionally discriminated against Plaintiff because of her sex and pregnancy.

89.    At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendants.

90.    Defendants treated Plaintiff less favorably than her similarly situated non-pregnant counterparts.

91.    Defendants discriminated against Plaintiff because of her sex and pregnancy, in violation of Title VII, through adverse employment actions carried out by her manager, CEO and Chairman.

92.    Defendant's discriminatory adverse employment actions against Plaintiff by terminating her after learning she was pregnant.

93.    The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex and pregnancy.

94.    Defendants are liable for the acts and omissions of its agents and employees.

95.    The sex and pregnancy-related employment practices and other acts or omissions of Defendants and its agents, supervisors, and employees reflect Defendants' reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action.

## COUNT VI

### [Violation of the Americans with Disabilities Act – 42 U.S.C. § 12112, Discrimination in Employment]

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     The ADA provides that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

98.     Defendants are the employer of Plaintiff, a covered entity under the ADA.

99.     Plaintiff is a qualified individual under the ADA.

100.    Defendants discriminated against Plaintiff by terminating her because of her pregnancy in violation of the ADA.

101.    Defendants failed to make reasonable accommodations to Plaintiff despite that such accommodation would not impost an undue hardship on the operation of the business.

## COUNT VII

### [New York State Human Rights Law – NYHRL § 296 (1), Unlawful Discriminatory Practices]

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    The NYHRL provides that it shall be an unlawful discriminatory practice for an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability,

17

predisposing genetic characteristics, familial status, marital status, or [Effective

November 18, 2019: status as a victim of domestic violence], to refuse to hire or employ

or to bar or to discharge from employment such individual or to discriminate against such

individual in compensation or in terms, conditions or privileges of employment.

104.    The NYHRL further provides that it shall be an unlawful discriminatory practice for an

employer, licensing agency, employment agency or labor organization to refuse to

provide reasonable accommodations, to the known disabilities, or pregnancy-related

conditions, of an employee, prospective employee or member in connection with a job or

occupation sought or held or participation in a training program.

105.    Defendants discriminated against Plaintiff by terminating her because of her pregnancy in

violation of the NYHRL.

106.    Defendants failed to make reasonable accommodations to Plaintiff despite that such

accommodation would not impost an undue hardship on the operation of the business.


# COUNT VIII

## [New York City Human Rights Law – CCHR § 8-107(1) and (22), Unlawful Discriminatory Practices]

107.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

108.    The CCHR provides that it shall be an unlawful discriminatory practice for an employer

or an employee or agent thereof, because of the actual or perceived age, race, creed,

color, national origin, gender, disability, marital status, partnership status, caregiver

status, sexual and reproductive health decisions, sexual orientation, uniformed service or

alienage or citizenship status of any person: to refuse to hire or employ or to bar or to discharge from employment such person.

109.   The CCHR also provides that it shall be an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation, to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job, provided that such employee's pregnancy, childbirth, or related medical condition is known or should have been known by the employer

110.   Defendants discriminated against Plaintiff by terminating her because of her pregnancy in violation of the CCHR.

111.   Defendants failed to make reasonable accommodations to Plaintiff despite that such accommodation would not impost an undue hardship on the operation of the business.

112.   Due to Defendants' violations of CCHR, the Court may, to vindicate the public interest, impose upon any person a civil penalty of not more than $250,000.00 pursuant to CCHR §8 - 404.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs respectfully requests that this Court enter a judgment providing the following relief: Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216 (b) to all similarly situated members of an FLSA Opt-in Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C..§216(b) and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action Members;

a.  An order tolling the statute of limitations;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL, the PDA, the ADA, the NYHRL and the CCHR;

c.  An injunction against the Defendants and its officers, agents, successors, employees, representative and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages, overtime compensation, and spread-of-hours compensation, as well as expenses Plaintiff(s) incurred on behalf of Defendants due under the FLSA and the NYLL;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked and overtime wages pursuant to 29 U.S.C. §216 and the NYLL;

f.  An award of liquidated damages as a result of the Defendants' failure to furnish a notice at the time of hiring, pursuant to the NYLL;

g.  An award of civil penalty as a result of the Defendant's willful and intentionally violation of the CCHR;

h.  An award of prejudgment and post-judgment interests;

i.  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal if then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL

§198(3);

j.  An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

k.  Such other and further relief as this Court deems just and proper.


Dated:  January 14, 2020
        Flushing, New York

                              Heiferman & Associates, PLLC
                              *Attorneys for Plaintiff and the proposed FLSA
                              Collective*


                              By: *Carter R. Qi, Esq.*
                                  Carter R. Qi, Esq.
                                  136-20 38th Avenue, Suite 10E
                                  Flushing, New York 11354
                                  (718) 888-9545

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT


     I, Chia Yi Foo, am the employee formerly employed by E Capital Funding LLC. and/or related entities. I consent to be the plaintiff in an action to collect unpaid overtime wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.


Date: 1/22/2020

_____

Chia Yi Foo

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES REDERED

TO: Shareholders of E Capital Funding LLC.


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that CHIA YI FOO, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of E Capital Funding LLC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 14, 2020

# EXHIBIT 3

### DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    E Capital Funding LLC.
       142-30 Roosevelt Avenue
       Flushing, New York 11354

PLEASE TAKE NOTICE, that CHIA YI FOO and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: January 14, 2020

# EXHIBIT 4



## RETALIATION is ILLEGAL AND PUNISHABLE BY LAW

The FLSA and NYLL allows the Court to impose additional civil penalty, if the Employer retaliates (any adverse employment actions, harassing, threatening and similar acts) the Plaintiff in response to this lawsuit.

## CONSULT WITH YOUR ATTORNEY IMMEDIATELY