## CONFIDENTIAL NEGOTIATED SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

Chia Yi Foo, on the one hand, and E Capital Funding LLC, Ya Dong Liu, Pei Jian Chi, and Li Hua Zhang, on the other hand, agree to the following Confidential Negotiated Settlement Agreement and General Release (hereinafter, the "Agreement" or the "Confidential Settlement") that:

1. **Definition of Parties.**

    a.  "Plaintiff" is defined to include: Chia Yi Foo and includes her present or former spouse(s), dependents, executors, administrators, heirs, dependents, successors and assigns;

    b.  "Released Parties" are defined to include: Ya Dong Liu ("Liu"), Pei Jian Chi ("Chi") and Li Hua Zhang ("Zhang"), and E Capital Funding LLC and their present and former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, successors and assigns, and its current and former employees, shareholders, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively "E CAPITAL" or "Defendants");

    c.  "E Capital Funding" is defined to include: E Capital Funding LLC its current and former employees, shareholders, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries; and

    d.  "Parties" is defined to include: Plaintiff and Released Parties.

2. **General and Unlimited Release of All Claims.**

    a.  <u>General Release of Claims by Plaintiff</u>.  Plaintiff knowingly and voluntarily releases and forever discharges Released Parties and voluntarily consents to a general release of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, that exists now, or that may come into existence in the future, arising from the beginning of time up to and through the date of the execution of this Agreement, which Plaintiff has or may have against Released Parties (the "General Release"). The General Release shall also include Plaintiff's covenant not to file any claim, arbitration or suit and generally and fully waives all claims, and any alleged violation, including but not limited to:

    •   The Age Discrimination in Employment Act of 1967;

    •   Sections 1981 through 1988 of Title 42 of the United States Code;

    •   Title VII of the Civil Rights Act of 1964;

    •   The Employee Retirement Income Security Act of 1974;

- The Sarbanes-Oxley Act of 2002;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The National Labor Relations Act;

- The Equal Pay Act;

- The Workers Adjustment and Retraining Notification Act;

- The Occupational Safety and Health Act;

- The Fair Credit Reporting Act;

- The Fair Labor Standards Act ("FLSA");

- The Family and Medical Leave Act of 1993;

- The False Claims Act;

- The New York Correction Law, including Sections 750-755 thereof;

- The New York State Executive Law (including its Human Rights Law);

- The New York City Human Rights Law;

- The New York State Labor Law;

- The New York False Claims Act;

- The New York wage, wage-payment, wage theft and wage-hour laws;

- Any local or county law, rule or requirement of any kind;

- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- Pregnancy Discrimination Act of 1978;

- New York State Human Rights Law;

2

- New York City Citizens Commission on Human Rights;

- New York Maternity Leave Laws;

- the Complaint under Docket No.: 20-cv-00376

- Unemployment compensation benefits;

- Workers' Compensation Benefits;

- Any amendments to the foregoing laws;

- Any corresponding City, Municipal, State, Federal or other law not mentioned herein;

- Any other financial obligation that Released Parties may, can, or does have for Plaintiff with respect to any third-party or governmental entity; and

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

b.  <u>Fair Labor Standards Act Claims</u>.  Should Plaintiff commence any action against Released Parties under the Fair Labor Standards Act, in any form, following the execution of this Agreement, either *pro se* or through counsel, Plaintiff agrees that this settlement agreement may be submitted in conjunction with Released Parties' motion to dismiss any such action on the ground that a pre-litigation general release of Fair Labor Standards Act claims was made. In addition, Plaintiff shall pay all of Released Parties' attorneys' fees in defending said action.

c.  <u>Claims Not Released</u>. The only claim surviving this settlement is E Capital's obligation to make the "Payment" as defined below. Upon E Capital's completion of the wire transfer of the Payment to Plaintiff's counsel, all claims are released, and the mutual General Release takes irrevocable effect without further notice.

d.  <u>Collective/Class Action Waiver</u>.  If any claim, whether stated in this agreement or not, is not subject to a release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party.  In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

e.  <u>General Release of Claims by Released Parties</u>.  Released Parties knowingly and voluntarily releases and forever discharges Plaintiff and voluntarily consents to a general release of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, that exists now or that may come into existence in the future, arising from the beginning of time up to and through the date of the execution of this Agreement, which Released Parties has or may have against Plaintiff (the "General Release").

    f.  <u>Mutual General Release</u>. It is the intent of the Parties to have a mutual general release of all claims, obligations, rights, duties, etc. that is broadly interpreted by and between themselves from the beginning of time through the date of this Agreement (the "Mutual General Release").

3.   **Consideration**.

    a.  In exchange for the mutually made promises by and between the Parties, including the mutual General Releases, and subject to the terms of the confidentiality covenant and other terms of this Agreement, E CAPITAL agrees to pay to Plaintiff the gross total sum of Fifty Thousand Dollars and No Cents ($50,000.00) (the "Payment"). The Payment shall be allocated as follows:

        i.  Forty Thousand Dollars ($40.000.00) in payment of Plaintiff's discrimination claims ("Payment for the Discrimination Claim"); and

        ii.  Ten Thousand Dollars ($10.000.00) in payment of Plaintiff's wage and hour/FLSA claims ("Payment for the FLSA Claim").

    b.  The Payment shall be made payable to "Heiferman & Associates, PLLC as attorneys" and shall be wired, mailed or hand-delivered within twenty-one (21) days of judicial approval of this settlement agreement to Heiferman & Associates, PLLC, 13-620 38th Ave, Ste. 10E, Flushing, NY 11354.

    c.  Pending judicial approval of this settlement agreement, funds sufficient to satisfy the Payment shall be deposited by Defendants into the escrow help by Defendants' counsel. Upon judicial approval of this settlement agreement, Defendants' counsel shall tender funds sufficient to satisfy the Payment to Plaintiff's counsel.

    d.  The Payment is tendered by Released Parties to Plaintiff in consideration of a complete settlement, the mutual General Releases, including, but not limited to, claims for alleged lost or unpaid wages; benefits; compensation; pain and suffering; attorney's fees; costs; and, any other relief of any kind, known or unknown, asserted or unasserted, that Plaintiff may have against Released Parties.

    e.  Upon completion of a wire transfer of the final payment of the Payment either party may file the stipulation of discontinuance annexed as "Exhibit A" without further notice, otherwise no later than 21 days after receipt of the final payment by Plaintiff's attorneys.

4.   **The Concurrent Settlement Documents**.

    a.  Concurrent and incorporated into the Confidential settlement, the Parties are executing the following documents which make up the full agreement by and between the parties:

        i.   <u>The stipulation of discontinuance</u> (annexed as "Exhibit A"): Upon completion of final payment of the Payment, as stated in paragraph 3(d), either party may file the stipulation of discontinuance without further notice.

        ii.   <u>The Negotiate Settlement Agreement and General Release</u> (the "Negotiated Agreement;" annexed as "Exhibit B"). The Negotiated Settlement will be presented to the Court for approval.

    b.  It is the intent of the parties that the Negotiated Settlement and Confidential Agreement are to be identical, except for those terms that are kept confidential in Confidential Agreement. Any discrepancy between the two documents shall be interpreted pursuant to the language of the Confidential Agreement, with the exception to any language modified in the Negotiated Agreement by the Court.

    c.  The payments mentioned in the Confidential Agreement and the Negotiated Agreement reference the single settlement payment set forth in the Confidential Agreement (the "Total Settlement Payment"). Defendants requirement to pay the Ten Thousand Dollar ($10.000.00) payment of Plaintiff's wage and hour/FLSA claims mentioned in the Negotiated Settlement are included in the Total Settlement Payment.  No other monies are due to Plaintiff.

5.   **No Other Entitlement/Acknowledgments.**

    a.  Plaintiff affirms as a result of this settlement and receipt of the Payment she: (i) has been paid-in-full for all hours worked and has received all of the claimed compensation, wages, bonuses, commissions, benefits and/or other monies to which she may have been entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits are due to Plaintiff from Released Parties; and (ii) is not entitled to any other monies, compensation, relief or recovery whatsoever.

6.   **No Admission of Liability or Wrongdoing**.

    a.  This Agreement is made solely for the purpose of compromising the claims noted herein, and shall not be used in any court, arbitration proceeding or otherwise to create, produce or interpret any rights or obligations with respect to any such proceeding except for enforcement of any rights or obligations under this Agreement. Additionally, Plaintiff and Released Parties have entered into this Agreement in settlement of highly contested issues, before any trial of Plaintiff's claims or the litigation or determination or finding by the court as to the merits of any claim. The execution of this Agreement shall not constitute an admission of liability by any party, or that such party has committed any wrongdoing or violated any federal, state or local statute, ordinance, rule, regulation or common law claim or defense that has been or could have been asserted by any party lacked any merit.

7.   **Confidentiality.**

    a.  Plaintiff shall not, except as compelled by law (which includes but is not limited to any information subpoena for documents and/or testimony), publicize or disclose to any person

the terms of this Agreement.  This covenant of confidentiality refers to the terms of this Agreement and Plaintiff's receipt of the Payment hereunder.  Other than as required by law or governmental agency, no such disclosure will be made to anyone by Plaintiff other than to discuss the terms hereof with his current attorney (Heiferman & Associates, PLLC), current spouse and parents or tax advisor (all of whom must first agree not to make any disclosure Plaintiff could not make). Specifically, the terms, conditions statements and other information stated in this Agreement that is not stated in the Negotiated Agreement.

b.  Plaintiff affirms that, as of the date of execution hereof, Plaintiff has not told any current or former employee of E CAPITAL about the terms and conditions of this Agreement or amount to be paid under this Agreement and covenants not to do so.

c.  Plaintiff understands and agrees that any violation of this covenant of confidentiality found by a Court of competent jurisdiction, whether by Plaintiff or by an individual to whom limited disclosure is authorized pursuant to Paragraph 6(a), shall constitute a material breach of this Agreement, which will cause Released Parties to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement).  If it is determined that Plaintiff breached or caused any breach of this covenant of confidentiality, Plaintiff will pay the greater of (1) all monies paid or due to her hereunder; (2) all actual damages; (3) legal fees accrued because of the breach of confidentiality; and (4) in any event, Plaintiff shall remain bound by the general and unlimited release of all claims contained herein;

d.  In the event Plaintiff is compelled by law to provide or disclose information described in this paragraph, notice of such request for disclosure shall be sent promptly (but in no event less than ten (10) business days in advance of any disclosure), via email, to counsel for Released Parties at the following email address: DMarks@borahgoldstein.com.

8.  **Non-Disparagement**.

a.  The Parties mutually agree not to defame, disparage or demean the other in any manner whatsoever.  the Parties understands and agree that any violation of this paragraph shall constitute a material breach of this Agreement which will cause the disparaged party to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages, and legal fees (without affecting the remainder of this Agreement) should a Court of competent jurisdiction find a disparagement by either party.

9.  **Breach of Agreement**.

a.  It is agreed that should a court of competent jurisdiction find that either party violated any provision of this agreement, unless otherwise stated herein, the breaching Party shall pay to the non-breaching party all damages in addition to reasonable attorneys' fees and costs incurred in enforcing this Agreement.

10. **Severability and Modification**.

      a.  If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so.  If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Resolution of Disputes**.

      a.  The parties agree that the United States District Court for the Eastern District of New York shall retain jurisdiction for any disputes involving this agreement, including the breach of any of its provisions in a proceeding held in and before a magistrate judge sitting without a jury. If the Court declines jurisdiction, this matter shall be resolved before a judge sitting without a jury in the Supreme Court of New York State, Queens County, to ensure rapid adjudication of any such claims and proper application of existing law.

12. **No Waiver**.

      a.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Section Headings**.

      a.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. **Entire Agreement**.

      a.  This Agreement represents the complete understanding among the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Released Parties;

      b.  No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only as provided in paragraph 9, above, or by a written document, signed by Plaintiff and an authorized representative or representatives of E CAPITAL that recites the specific intent to modify this Agreement;

      c.  This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

d.    Plaintiff acknowledges that Plaintiff has not relied on any representation, promise, or agreement of any kind made in connection with this decision to accept this Agreement, except for those set forth in this Agreement.

15.    **Competence to Waive Claims**.

a.    Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that Plaintiff lacks a clear and complete understanding of this Agreement.  Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Plaintiff.

16.    **Execution**.

a.    Plaintiff has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of E CAPITAL to execute this Agreement.

b.    Shi Ying Lin, has the apparent and actual authority to enter into this Agreement both in an individual capacity and on behalf of each of the Defendants.

c.    This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document.  A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect.  However, the Agreement will not be binding on Released Parties, and E CAPITAL will not be obligated to provide the Payment until after Plaintiff and an authorized agent of E CAPITAL executes the Agreement; and

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, CHIA YI FOO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK*

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: June __2__, 2020                    By: _____
                                                Chia Yi Foo

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF QUEENS         )

On the _2nd_ day of June in the year 2020, before me, the undersigned notary public, Chia Yi Foo personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                           _____
                                           Notary public

```
┌─────────────────────────────────────┐
│        RUIZHE QI                     │
│ Notary Public, State of New York     │
│ No. 02QI6371095                      │
│ Qualified in Queens County           │
│ Commission Expires February 20, 20 22│
└─────────────────────────────────────┘
```

On behalf of E CAPITAL FUNDING and individually

Dated: June ____, 2020                    By: _____
                                               Ya Dong Liu, CEO

On the ____ day of June in the year 2020, before me, the undersigned notary public, Ya Dong Liu personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                           _____
                                           Notary public

9

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: June ____, 2020                    By: _____
                                                Chia Yi Foo

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF QUEENS           )

On the ____ day of June in the year 2020, before me, the undersigned notary public, Chia Yi Foo personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                          _____
                                          Notary public


                                          On behalf of E CAPITAL FUNDING and individually

Dated: June 3, 2020                       By: _____
                                              Shi Ying Lin, CEO


On the 3rd day of June in the year 2020, before me, the undersigned notary public, Shi Ying Lin personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                          Notary public

                                          **OI W. CHEUNG**
                                          Notary Public, State of New York
                                          Registration #01CH6138325
                                          Qualified In Queens County
                                          Commission Expires Dec. 19, 2021

9

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIA YI FOO *et al.* | Case No.: 20-cv-00376 (RLM) |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |
| E CAPITAL FUNDING LLC, YA DONG LIU, PEI JIAN CHI, AND LI HUA ZHANG, | |
| Defendants. | **SO ORDERED** |
| | _____ |
| | Hon. Roanne L. Mann |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

This stipulation may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

Dated: New York, New York
        June 3, 2020

HEIFERMAN & ASSOCIATES, PLLC
*Attorneys for the Plaintiff*

By: _____
    Justin J. Heiferman, Esq.
    136-20 38th Ave. Suite 3A1-105
    Flushing, New York 11354
    Tel: (718) 888-9545

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.
*Attorneys for Defendants*

_____
Darren R. Marks
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.
377 Broadway, 6th Floor
New York, New York 10013
Main: (212) 431-1300

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIA YI FOO *et al.* | Case No.20-cv-00376 |
| Plaintiff, | |
| v. | **NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE** |
| E CAPITAL FUNDING LLC, YA DONG LIU, PEI JIAN CHI, AND LI HUA ZHANG, | |
| Defendants. | |

Chia Yi Foo, on the one hand, and E Capital Funding LLC, Ya Dong Liu, Pei Jian Chi, and Li Hua Zhang, on the other hand, agree to the following Negotiated Settlement Agreement and General Release (hereinafter, the "Agreement" or the "Negotiated Settlement") that:

1. **Definition of Parties.**

   a. "Plaintiff" is defined to include: Chia Yi Foo and includes her present or former spouse(s), dependents, executors, administrators, heirs, dependents, successors and assigns;

   b. "Released Parties" are defined to include: Ya Dong Liu ("Liu"), Pei Jian Chi ("Chi") and Li Hua Zhang ("Zhang"), and E Capital Funding LLC  and their present and former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, successors and assigns, and its current and former employees, shareholders, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively "E CAPITAL" or "Defendants");

   c. "E Capital Funding" is defined to include: E Capital Funding LLC its current and former employees, shareholders, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries; and

   d. "Parties" is defined to include: Plaintiff and Released Parties.

2. **General and Unlimited Release of All Claims.**

   a. <u>General Release of Claims by Plaintiff</u>.  Plaintiff knowingly and voluntarily releases and forever discharges Released Parties and voluntarily consents to a general release of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, that exists now or that may come into existence in the future, arising from the beginning of time up to and through the date of the execution of this Agreement, which Plaintiff has or may have against Released Parties (the "General Release"). The General Release shall also include

Plaintiff's covenant not to file any claim, arbitration or suit and generally and fully waives all claims, and any alleged violation, including but not limited to:

- The Age Discrimination in Employment Act of 1967;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- Title VII of the Civil Rights Act of 1964;

- The Employee Retirement Income Security Act of 1974;

- The Sarbanes-Oxley Act of 2002;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The National Labor Relations Act;

- The Equal Pay Act;

- The Workers Adjustment and Retraining Notification Act;

- The Occupational Safety and Health Act;

- The Fair Credit Reporting Act;

- The Fair Labor Standards Act ("FLSA");

- The Family and Medical Leave Act of 1993;

- The False Claims Act;

- The New York Correction Law, including Sections 750-755 thereof;

- The New York State Executive Law (including its Human Rights Law);

- The New York City Human Rights Law;

- The New York State Labor Law;

- The New York False Claims Act;

- The New York wage, wage-payment, wage theft and wage-hour laws;

- Any local or county law, rule or requirement of any kind;

- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- Pregnancy Discrimination Act of 1978;

- New York State Human Rights Law;

- New York City Citizens Commission on Human Rights;

- New York Maternity Leave Laws;

- the Complaint under Docket No.: 20-cv-00376;

- Unemployment compensation Benefits;

- Workers' Compensation Benefits;

- Any amendments to the foregoing laws;

- Any corresponding City, Municipal, State, Federal or other law not mentioned herein;

- Any other financial obligation that Released Parties may, can, or does have for Plaintiff with respect to any third-party or governmental entity; and

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

b.  <u>Fair Labor Standards Act Claims</u>.  Should Plaintiff commence any action against Released Parties under the Fair Labor Standards Act, in any form, following the execution of this Agreement, either *pro se* or through counsel, Plaintiff agrees that this settlement agreement may be submitted in conjunction with Released Parties' motion to dismiss any such action on the ground that a pre-litigation general release of Fair Labor Standards Act claims was made. In addition, Plaintiff shall pay all of Released Parties' attorneys' fees in defending said action.

c.  <u>Claims Not Released</u>. The only claim surviving this settlement is E Capital's obligation to make the "Payment" as defined below. Upon E Capital's completion of the wire transfer of the Payment to Plaintiff's counsel, all claims are released, and the mutual General Release takes irrevocable effect without further notice.

d.  <u>Collective/Class Action Waiver</u>.  If any claim, whether stated in this agreement or not, is not subject to a release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party.   In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

e.  <u>General Release of Claims by Released Parties</u>.  Released Parties knowingly and voluntarily releases and forever discharges Plaintiff and voluntarily consents to a general release of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, that exists now or that may come into existence in the future, arising from the beginning of time up to and through the date of the execution of this Agreement, which Released Parties has or may have against Plaintiff (the "General Release").

3

f. <u>Mutual General Release</u>. It is the intent of the Parties to have a mutual general release of all claims, obligations, rights, duties, etc. that is broadly interpreted by and between themselves from the beginning of time through the date of this Agreement (the "Mutual General Release").

3. **Consideration.**

a. In exchange for the mutually made promises by and between the Parties, including the mutual General Releases, and subject to the terms of the other terms of this Agreement, E CAPITAL agrees to pay to Plaintiff the sum of Ten Thousand Dollars and No Cents ($10,000.00) (the "Payment") in full satisfaction of Plaintiff's FLSA claims. Plaintiff's discrimination claims have been settled by a confidential release, submitted to the Court under seal.

b. The Payment shall be made payable to "Heiferman & Associates, PLLC as attorneys" and shall be wired, mailed or hand delivered to Heiferman & Associates, PLLC, 13-620 38th Ave, Ste. 10E, Flushing, NY 11354 within 21 days of the approval of settlement by the Court.

c. Pending judicial approval of this settlement agreement, funds sufficient to satisfy the Payment shall be deposited by Defendants into the escrow held by Defendants' counsel. Upon judicial approval of this settlement agreement, Defendants' counsel shall tender funds sufficient to satisfy the Payment to Plaintiff's counsel.

d. The Payment is tendered by Released Parties to Plaintiff in consideration of a complete settlement, the mutual General Releases, including, but not limited to, claims for alleged lost or unpaid wages; benefits; compensation; pain and suffering; attorney's fees; costs; and, any other relief of any kind, known or unknown, asserted or unasserted, that Plaintiff may have against Released Parties.

e. Upon completion of a wire transfer of the final payment of the Payment either party may file the stipulation of discontinuance annexed as "Exhibit A" without further notice, otherwise no later than 21 days after receipt of the final payment by Plaintiff's attorneys

4. **The Concurrent Settlement Documents.**

a. Concurrent with the execution of the Negotiated Settlement, the Parties executed the following documents which make up the full agreement by and between the parties:

i. <u>The stipulation of discontinuance</u> (annexed as "Exhibit A"): Upon completion of final payment of the Payment, as stated in paragraph 3(d), either party may file the stipulation of discontinuance without further notice.

ii. <u>The Confidential Settlement Agreement and General Release</u> (the "Confidential Agreement"). Upon the mutual agreement of the parties and as a material consideration of the Parties agreeing to the global settlement of this matter, the Confidential Agreement is not filed with the Court.

4

b.  It is the intent of the parties that the Negotiated Settlement and Confidential Agreement are to be identical, except for those terms that are kept confidential in Confidential Agreement. Any discrepancy between the two documents shall be interpreted pursuant to the language of the Confidential Agreement, with the exception to any language modified in the Negotiated Agreement by the Court.

d.  The payments mentioned in the Confidential Agreement and the Negotiated Agreement reference the single settlement payment set forth in the Confidential Agreement (the "Total Settlement Payment"). Defendants requirement to pay the Ten Thousand Dollar ($10.000.00) payment of Plaintiff's wage and hour/FLSA claims mentioned in the Negotiated Settlement are included in the Total Settlement Payment.  No other monies are due to Plaintiff.

5.  **No Other Entitlement/Acknowledgments.**

a.  Plaintiff affirms as a result of this settlement and receipt of the Payment she: (i) has been paid-in-full for all hours worked and has received all of the claimed compensation, wages, bonuses, commissions, benefits and/or other monies to which she may have been entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits are due to Plaintiff from Released Parties; and (ii) is not entitled to any other monies, compensation, relief or recovery whatsoever.

6.  **No Admission of Liability or Wrongdoing**.

a.  This Agreement is made solely for the purpose of compromising the claims noted herein, and shall not be used in any court, arbitration proceeding or otherwise to create, produce or interpret any rights or obligations with respect to any such proceeding except for enforcement of any rights or obligations under this Agreement. Additionally, Plaintiff and Released Parties have entered into this Agreement in settlement of highly contested issues, before any trial of Plaintiff's claims or the litigation or determination or finding by the court as to the merits of any claim. The execution of this Agreement shall not constitute an admission of liability by any party, or that such party has committed any wrongdoing or violated any federal, state or local statute, ordinance, rule, regulation or common law claim or defense that has been or could have been asserted by any party lacked any merit.

7.  **Non-Disparagement**.

a.  The Parties mutually agree not to defame, disparage or demean the other in any manner whatsoever.  the Parties understands and agree that any violation of this paragraph shall constitute a material breach of this Agreement which will cause the disparaged party to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages, and legal fees (without affecting the remainder of this Agreement) should a Court of competent jurisdiction find a disparagement by either party.

8. **Breach of Agreement**.

    a. It is agreed that should a court of competent jurisdiction find that either party violated any provision of this agreement, unless otherwise stated herein, the breaching Party shall pay to the non-breaching party all damages in addition to reasonable attorneys' fees and costs incurred in enforcing this Agreement.

9. **Severability and Modification**.

    a. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

10. **Resolution of Disputes**.

    a. The parties agree that the United States District Court for the Eastern District of New York shall retain jurisdiction for any disputes involving this agreement, including the breach of any of its provisions in a proceeding held in and before a magistrate judge sitting without a jury. If the Court declines jurisdiction, this matter shall be resolved before a judge sitting without a jury in the Supreme Court of New York State, New York County, to ensure rapid adjudication of any such claims and proper application of existing law.

11. **No Waiver**.

    a. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12. **Section Headings**.

    a. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13. **Entire Agreement**.

    a. This Agreement represents the complete understanding among the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Released Parties;

    b. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only as provided in paragraph 9, above, or by a written document, signed by Plaintiff and an authorized representative or representatives of E CAPITAL that recites the specific intent to modify this Agreement;

    c. This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

d.   Plaintiff acknowledges that Plaintiff has not relied on any representation, promise, or agreement of any kind made in connection with this decision to accept this Agreement, except for those set forth in this Agreement.

14.   **Competence to Waive Claims**.

a.   Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that Plaintiff lacks a clear and complete understanding of this Agreement.  Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Plaintiff.

15.   **Execution**.

a.   Plaintiff has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of E CAPITAL to execute this Agreement.

b.   Shi Ying Lin, has the apparent and actual authority to enter into this Agreement both in an individual capacity and on behalf of each of the Defendants.

c.   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document.  A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect.  However, the Agreement will not be binding on Released Parties, and E CAPITAL will not be obligated to provide the Payment until after Plaintiff and an authorized agent of E CAPITAL executes the Agreement; and

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, CHIA YI FOO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: June __2__, 2020                    By: _____

                                               Chia Yi Foo

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF __Queens__     )

On the __2nd__ day of June in the year 2020, before me, the undersigned notary public, Chia Yi Foo personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

```
┌─────────────────────────────────────┐
│            RUIZHE QI                 │
│   Notary Public, State of New York   │
│          No. 02QI6371095             │
│      Qualified in Queens County      │
│  Commission Expires February 20, 2022│
└─────────────────────────────────────┘
```
_____
Notary public


On behalf of E CAPITAL FUNDING and individually

Dated: June ____, 2020                    By: _____

                                               Ya Dong Liu, CEO


On the ____ day of June in the year 2020, before me, the undersigned notary public, Ya Dong Liu personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties

_____
Notary public

8

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated:  June _____, 2020                    By:    _____

                                                   Chia Yi Foo

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF QUEENS           )

On the _____ day of June in the year 2020, before me, the undersigned notary public, Chia Yi Foo personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                                   _____
                                                   Notary public

                                                   On behalf of E CAPITAL FUNDING and individually

Dated:  June  3 , 2020                      By:    _____
                                                   Shi Ying Lin, CEO

On the  3rd  day of June in the year 2020, before me, the undersigned notary public, Shi Ying Lin personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Released Parties.

                                                   _____
                                                   Notary public

                                                   OI W. CHEUNG
                                                   Notary Public, State of New York
                                                   Registration #01CH6138325
                                                   Qualified In Queens County
                                                   Commission Expires Dec. 19, 20 21

8

Case No.: 20-cv-00376 (RLM)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------------X
CHIA YI FOO *et al.,*

                                              Plaintiff,

                 -against-

E CAPITAL FUNDING LLC, YA DONG LIU,
PEI JIAN CHI, AND LI HUA ZHANG,

                                              Defendants.
-------------------------------------------------------------------------------------X

SETTLEMENT PAPERS

**BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C.**
Attorneys for Defendants
377 Broadway, 6th Floor
New York, New York 10013
Tel: (212) 431-1300 ext. 622
*Fax: (646) 349-4135
Email: Dmarks@borahgoldstein.com

**<u>CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. '130-1.1a</u>**

    **DARREN R. MARKS**, hereby certifies that, pursuant to 22 N.Y.C.R.R. '130-1.1a, the foregoing is not frivolous nor frivolously presented.

Dated:  New York, New York
        June 3, 2020

                                        DARREN R. MARKS

**BORAH, GOLDSTEIN, ALTSCHULER,**
**NAHINS & GOIDEL, P.C.**
377 Broadway, 6th Floor
New York, New York  10013
Tel: (212) 431-1300
*Fax: (646) 349-4135

*Service of documents by electronic means is declined.*



**From:** **Justin Heiferman** justin@heifermanlaw.com
**Subject:** Re: Fully Executed Settlement Agreement
**Date:** June 3, 2020 at 9:10 PM
**To:** Darren R. Marks DMarks@borahgoldstein.com
**Cc:** Carter Qi Carter@heifermanlaw.com, Ndukwe Agwu nagwu@borahgoldstein.com

That's fine.
**Justin L. Heiferman**
Heiferman & Associates, PLLC
136-20 38th Ave. Suite 10E
Flushing, New York 11354
Tel: (718) 888-9545
Fax: (718) 690-3865
E-mail*:* Justin@HeifermanLaw.com

Employment, Immigration and Criminal Defender. Licensed in New York, New Jersey, EDNY, SDNY, DNJ, and EOIR.

On Wed, Jun 3, 2020 at 9:02 PM Darren R. Marks <DMarks@borahgoldstein.com> wrote:
> Justin & Carter
>
> Attached is a fully executed Agreement. As per my conversation with Justin, I had to change the name of the E Lending signor from Ya Dong Liu to Shi Ling Yin. Please confirm receipt and approval of this change. Upon your confirmation, I will add this email to the Agreement as an addendum.
>
> Thank you both for the courtesy and assistance.
>
> Darren
>
> Onwards!
>
> Darren R. Marks
> Partner
> BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C.
> 377 Broadway New York, N.Y. 10013
> Phone: 212.965.2622
> Mobile: 917.482.3593
> Fax: 646.349.4135
> Email: DMarks@borahgoldstein.com